

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHARLOTTE R. CARROLL, §
 §
    Plaintiff, §
 §
VS. § NO. 4:18-CV-458-A
 §
STATE FARM MUTUAL AUTOMOBILE §
INSURANCE COMPANY, §
 §
    Defendant. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, State Farm Mutual Automobile Insurance Company, to dismiss. Plaintiff, Charlotte R. Carroll, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted. However, the court finds that, giving her the benefit of the doubt, plaintiff has stated a claim for breach of contract and the case should proceed as to that claim, but the court is concerned that plaintiff has not explained how she arrived at the amount of damages she seeks.

I.

Background

This action was originally filed in the County Court at Law No. 2 of Tarrant County, Texas. On June 4, 2018, defendant filed its notice of removal, bringing the action before this court.

Doc.[1] 1. By order signed July 6, 2018, the court ordered plaintiff to file an amended complaint in keeping with the requirements of the Federal Rules of Civil Procedure, Local Civil Rules, and the judge-specific requirements of the undersigned. Doc. 8. The order specifically referred plaintiff to Fed. R. Civ. P. 8(a), 9(b), and 10 and to the opinions of the United States Supreme Court in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). <u>Id.</u> at 2, n.2. Plaintiff ultimately filed her amended complaint on July 27, 2018. Doc. 19. In it, she alleges:

> The plaintiff filed a claim with the defendant under her insurance policy after a severe tire blow out on the expressway. After several weeks of getting the run around, the defendant <u>deceived</u> the plaintiff into believing a check they mailed to her in the amount of $3496.94 would <u>completely</u> pay for all <u>covered</u> repairs to the plaintiffs [sic] vehicle. <u>Which was more than far from the truth.</u>
>
> After being confronted by their deceit, the defendant took full responsibility for their actions, but then later refused to pay for the necessary <u>covered</u> repairs to the plaintiffs [sic] vehicle.
>
> As a result of the defendants [sic] refusal to pay for the <u>covered</u> repairs, she had no other option but to turn her vehicle over to her finance company, resulting in a repossession on her credit, and a bill for the balance remaining after her vehicle was publicly auctioned.

---

[1]The "Doc. __" reference is to the number of the item on the docket in this action.

Id. at 2. Plaintiff seeks to recover $128,076.00 "including damages, penalties, costs, expenses, etc." Id. at 1.

II.

Grounds of the Motion

Defendant maintains that plaintiff has not pleaded any facts upon which a plausible claim to relief can be granted. In particular, it refers to the requirements for pleading claims for bad faith, violation of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41-.63 ("DTPA"), and intentional infliction of emotional distress, which appear to be claims plaintiff is asserting.

III.

Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than

simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what

4

conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading

5

"the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Claims alleging violations of the Texas Insurance Code and the Texas DTPA as well as those for fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b). Berry v. Indianapolis Life Ins. Co., 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); Frith, 9 F. Supp. 2d at 742.

IV.

Analysis

A. Bad Faith

To prevail on a bad faith claim (more commonly called a breach of duty of good faith and fair dealing claim), plaintiff must show that defendant had no reasonable basis for denying her claim and that it knew, or should have known, that there was no reasonable basis therefor. Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 50-51 (Tex. 1997). "The insured must prove that there were no facts before the insurer which, if believed, would justify denial of the claim." Higginbotham v. State Farm Mut.

6

Auto. Ins. Co., 103 F.3d 456, 459 (5th Cir. 1997)(citing State Farm Lloyds, Inc. v. Polasek, 847 S.W.2d 279, 284 (Tex. App.--San Antonio 1992, writ denied)). Evidence establishing no more than a bona fide coverage dispute does not demonstrate bad faith. State Farm Lloyds v. Nicolau, 951 S.W.2d 444, 448 (Tex. 1997).

Here, plaintiff does not allege any facts that would remotely support a claim that defendant acted in bad faith. At most she has pleaded that there is or was a genuine coverage dispute. In particular, she admits that defendant paid her $3,496.94 to cover the cost of repairs to her vehicle. Doc. 19 at 2. She has not pleaded a bad faith claim.

B.   DTPA

The elements of a claim under the DTPA are that plaintiff is a consumer, that defendant committed a false, misleading or deceptive act or practice specifically enumerated in the Act, and that such violation was a producing cause of damages to her. Tex. Bus. & Com. Code § 17.50(a); Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 649 (Tex. 1996). By "producing cause" is meant that defendant's actions were a substantial factor in bringing about the injury to plaintiff, without which the injury would not have occurred. Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 481 (Tex. 1995).

As stated, supra, a DTPA claim must be pleaded with specificity. Here, plaintiff has not pleaded any facts to show the "who, what, when, where, and how" of a DTPA claim.

C. <u>Intentional Infliction of Emotional Distress</u>

The elements of a claim for intentional infliction of emotional distress are: defendant acted intentionally or recklessly; defendant's conduct was extreme and outrageous; defendant's actions caused plaintiff emotional distress; and, the resulting emotional distress was severe. <u>Hoffmann-La Roche, Inc. v. Zeltwanger</u>, 144 S.W.3d 438, 445 (Tex. 2004). "Extreme and outrageous conduct is conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Id.</u> (internal quotations and citations omitted). Such a claim is only viable where the tortfeasor desired or anticipated that plaintiff would suffer emotional distress. <u>Standard Fruit & Vegetable Co. v. Johnson</u>, 985 S.W.2d 62, 68 (Tex. 1998).

Here, plaintiff has alleged nothing more than a run-of-the-mill disagreement with her insurance company about the extent of damages to her vehicle. She has not pleaded any facts from which a plausible claim for intentional infliction of emotional distress could be found.

8

D.  Breach of Contract

Defendant's motion does not address breach of contract, probably because it is plain that plaintiff is asserting such a cause of action. She alleges that she was a customer of defendant, i.e., she bought an insurance policy from defendant. And, defendant refused to pay for repairs covered by the policy. Specifically, "[a]s a result of the defendant's failure to pay for repairs under the plaintiffs [sic] contract" plaintiff has suffered damages. Doc. 19 at 2. Therefore, the court is requiring plaintiff to file a second amended complaint to state specifically the components of the damages she seeks to recover as a result of the alleged failure of defendant to pay for the repairs to her vehicle.

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims in this action other than for breach of contract be, and are hereby, dismissed.

The court further ORDERS that by 4:00 p.m. on September 10, 2018, plaintiff file a second amended complaint in which she spells out specifically each item of damage for which she seeks recovery in this action. In other words, plaintiff must list in her second amended complaint each item that is added together to

9

arrive at the amount of damages she says she is owed for the failure of defendant to pay for repairs to her vehicle.

Failure of plaintiff to comply with this order may result in the dismissal of plaintiff's breach of contract claim without further notice.

SIGNED August 28, 2018.

_____
JOHN McBRYDE
United States District Judge